**In re STRIPE.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V93–72686.

Decided Aug. 31, 1995.

Debra S. Stripe, pro se.

Betty D. Montgomery, Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on May 24, 1995 upon the Attorney General's February 2, 1995 objection and notice of appeal to the January 25, 1995 decision of the single commissioner. On February 21, 1995, applicant Debra S. Stripe filed an objection and notice of appeal to the single commissioner's decision.

Neither the applicant nor anyone on her behalf appeared at the hearing. The Attorney General attended the hearing and presented oral argument for this panel's consideration.

The single commissioner had entered judgment for the applicant, but pursuant to R.C. 2743.60(D), granted no award due to collateral source availability.

At the hearing, the Attorney General argued that the single commissioner erred in finding that the Bureau of Children with Medical Handicaps ("BCMH") was a readily available collateral source because, pursuant to R.C. 3701.022(D)(2)(c) (effective January 14, 1993), "the Crime Victims Compensation Program is specifically named as a third party that must pay first to eligible applicants before the Bureau of Children with Medical Handicaps is required to pay benefits." Attorney General Brief, page 4. In addition, the Attorney General argued that the applicant failed to demonstrate by a preponderance of the evidence that the conditions suffered by the minor-victim, Lisa M. Stripe, were related to the criminally injurious conduct. Upon examination by the commissioners, the Attorney General acknowledged that the case was appropriate for remand pursuant to R.C. 2743.62(B) despite the applicant's failure to appear at the hearing.

R.C. 2743.60(D) provides the following:

"(D) A single commissioner or a panel of commissioners shall reduce an award of reparations or deny a claim for an award of reparations that is otherwise payable to a claimant to the extent that the economic loss upon which the claim is based is recouped from other persons, including collateral sources. If an award is reduced or a claim is denied because of the expected recoupment of all or part of the economic loss of the claimant from a collateral source, the amount of the award or the denial of the claim shall be conditioned upon the claimant's economic loss being recouped by the collateral source. If the award or denial is conditioned upon the recoupment of the claimant's economic loss from a collateral source and it is determined that the claimant did not unreasonably fail to present a timely claim to the collateral source and will not receive all or part of the expected recoupment, the claim may be reopened and an award may be made in an amount equal to the amount of expected recoupment that it is determined the claimant will not receive from the collateral source."

R.C. 2743.51(B)(2) provides:

"(B) 'Collateral source' means a source of benefits or advantages for economic loss otherwise reparable that the victim or claimant has received, or that is readily available to him, from any of the following sources:

" * * *

"(2) The government of the United States or any of its agencies, a state or any of its political subdivisions, or an instrumentality of two or more states, unless the law providing for the benefits or advantages makes them excess or secondary to benefits under sections 2743.51 to 2743.72 of the Revised Code[.]"

R.C. 3701.022(D)(2)(c) reads as follows:

"(D)(2) 'Third party' includes all of the following:

" * * *

"(c) The program awarding reparations to victims of crime established under sections 2743.51 to 2743.72 of the Revised Code."

Pursuant to R.C. 2743.62(B), the Court of Claims commissioners may order the victim or claimant to submit to a physical or mental examination if the physical, mental, or emotional condition of the victim or claimant is material to the claim. R.C. 2743.62(B) provides the following:

"(B) If the mental, physical, or emotional condition of a victim or claimant is material to a claim for an award of reparations, a single commissioner or a panel of commissioners may order the victim or claimant to submit to a mental or physical examination by a physician or psychologist and may order an autopsy of a deceased victim. The order may be made for good cause shown and upon notice to the person to be examined and to the claimant and the attorney general. The order shall specify the time, place, manner, conditions, and scope of the examination or autopsy and the person by whom it is to be made, and shall require the person who performs the examination or autopsy to file with the clerk of the court of claims a detailed written report of the examination or autopsy. The report shall set out the findings, including the results of all tests made, diagnoses, prognoses, and other conclusions and reports of earlier examinations of the same conditions."

From review of the file, with full consideration given to the oral argument advanced at the hearing, this panel finds that the findings of fact and conclusions of law of the single commissioner fail to properly address the issues and interpret the law. Pursuant to R.C. 3701.022(D)(2)(c), we find that the Bureau of Children with Medical Handicaps is not a "collateral source" as defined in R.C. 2743.51(B). Furthermore, we find that this claim should be remanded to the single commissioner for further consideration of economic loss with further

investigation concerning the causal relationship to the criminally injurious conduct and apportionment of economic loss incurred on behalf of the minor-victim. Pursuant to R.C. 2743.62(B), the Attorney General shall obtain a medical and/or psychological evaluation that allocates and apportions the appropriate expense, if any, incurred as a result of the criminally injurious conduct that gave rise to this claim. In light of the foregoing, the January 25, 1995 order of the single commissioner shall be reversed.

IT IS THEREFORE ORDERED THAT:

1. The January 25, 1995 order of the single commissioner is REVERSED;

2. This claim is referred to the Attorney General for further investigation and a new finding of fact and recommendation and remanded to the single commissioner for further determination not inconsistent with the foregoing opinion;

3. The Attorney General shall file an amended finding of fact and recommendation on or before October 30, 1995;

4. The applicant may respond to the new finding of fact and recommendation within twenty-one days after it is filed by the Attorney General;

5. Costs assumed by the reparations fund.

*Judgment accordingly.*

KARL H. SCHNEIDER, JAMES H. HEWITT III, and PHILLIP E. PARISI, Commissioners, concur.